ROGERS ET AL. *vs.* VANLANDINGHAM.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, THE JUDGE
THEREOF PRESIDING.

Where a debtor transfers a promissory note to his creditors for collection, the latter are held to account for it, at its full value, at the time of the transfer, estimating the principal and interest accrued, according to the place where it is made payable. If any loss is sustained in computing or proving interest, the creditor must bear it.

This is an action to recover the balance of a mercantile account, amounting to three hundred dollars and seventy-seven cents, instituted by the late firm of Rogers, Slocumb & Co. against the defendant. It was commenced by attachment, in the parish of East Baton Rouge, the defendant residing in the state of Illinois.

The account is admitted, but various matters are set up in defence, the most material of which is the transfer of a certain note which he avers the plaintiffs collected and which was fully sufficient to extinguish the debt due to them by him.

The material facts and points of this case are fully stated and set forth in the opinion of the court.

The plaintiffs had judgment for the full amount of their claim and demand, from which the defendant appealed.

*A. N. Ogden*, for the appellant.

EASTERN DIST.
June, 1836.

ROGERS ET AL.
vs.
VANLANDING-
HAM.

*Bullard, J.,* delivered the opinion of the court.

This is an action to recover a balance alleged to be due by the defendant, on an account for goods sold and delivered, together with interest, according to an alleged custom of merchants. The sale and delivery of the goods are proved, and sundry credits are allowed.

The defendant admits that he was indebted in account about five hundred and fifty three dollars and twenty-three cents; but that he transferred to the plaintiffs a note of one Gilbert, of Illinois, in full discharge. That the amount of the note was three hundred and fifty dollars, with interest which had accrued on it at the time of the transfer, amounting to two hundred and seven dollars and eight cents, thus exceeding the amount of the account about three dollars. That the plaintiffs sued Gilbert and recovered the principal of the note and the interest, or a part thereof, and that the judgment has been paid and satisfied. That if they did not recover the full amount of the interest, at six per cent. from the time the note fell due, according to the laws of Illinois, it was their own fault. He further alleges that a sum of one hundred and seventy dollars paid them by Mr. Eon, for him, and for which he is credited, was paid in error, and he claims judgment in reconvention for said sum and the balance on the note of three dollars and eighty-six cents.

It appears that the note in question was assigned to the plaintiffs, who recovered the amount from the drawer, with legal interest, according to the laws of Louisiana. They credit the defendant with only two hundred and ninety-six dollars and forty-four cents, the net amount. There is no evidence to show that the plaintiffs took the note in full discharge of the account, nor is it shown, on the other hand, that the collection of it was to be made at the expense of the defendant. We think the defendant was entitled to a credit for the value of the note at the time it was transferred to the plaintiffs, including the interest legally due upon it. But the note does not show on its face, at what place it was executed or was payable. It appears, however, from the

judgment of the Parish Court of New-Orleans, rendered in favor of the plaintiffs against the maker, that it was shown to have been executed and payable in the state of Illinois, where, according to the evidence in the record, the interest on promissory notes, after they fall due, is six per cent. In the Parish Court this evidence was not given, and the court was not satisfied with the proofs, that by the law of Illinois, the obligor was bound to pay interest from the time the note fell due. The defendant argues that the plaintiffs had it in their power to furnish satisfactory evidence on that point, as he has done in this case, by an exemplification of the statute of that state regulating interest ; and that if they relied on parole evidence, which was held insufficient, it is their fault, and he ought not to suffer, as he had no notice of those proceedings. This position we think correct, and that the plaintiffs ought to account for the note at its real value, as now shown by legal evidence. The defendant does not appear to dispute the interest, as he admits in his answers, that interest was due at the time the note was transferred.

*Eastern Dist.*
*June, 1836.*

ROGERS ET AL.
*vs.*
VANLANDING-
HAM.

Where a debtor transfers a promissory note to his creditors for collection, the latter are held to account for it, at its full value at the time of the transfer, estimating the principal, and interest accrued, according to the place where it is made payable. If any loss is sustained in computing or proving interest, the creditor must bear it.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled and reversed, and proceeding to give such judgment as ought, in our opinion to have been rendered below, it is further adjudged and decreed, that the plaintiffs recover of the defendant the sum of forty dollars and twenty-one cents, with costs in the District Court, the costs of the appeal to be paid by the plaintiffs and appellees.